UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 18-cv-22666-KMM

ROSARIO SANCHEZ

    Plaintiff,

vs.

PORKYS CABARET INC., d/b/a BELLAS CABARET, a Florida Company

    Defendant.
_____/

## UNOPPOSED MOTION TO REMAND

Plaintiff, ROSARIO SANCHEZ, by and through undersigned counsel, pursuant to 28 U.S.C. § 1367(c)(3) hereby respectfully requests entry of an Order granting this Unopposed Motion to Remand this action back down to the Circuit Court in and for Miami-Dade County, Florida. As grounds, Plaintiff states:

1. On July 23, 2018, Plaintiff filed an Amended Complaint to dismiss her unpaid wage claims pursuant to the Fair Labor Standards Act. (ECF No. 8).

2. After amending the Complaint, the only claim left before this Honorable Court is Plaintiff's claim for unpaid wages pursuant to Fla. Stat. 448101(3). As such, there are no Federal claims currently pending.

3. Since the only claim at issue is a distinctly state law claim, Plaintiff now respectfully requests that this Court enter an Order dismissing Plaintiff's FLSA claims with

prejudice and remanding the action back down to the Circuit Court in and for Miami-Dade County, Florida.[1]

4. There is no prejudice by remanding this action where discovery is still in its early stages and depositions have not yet occurred. Further, Defendant is not opposing this Motion which is indicative no prejudice against either party.

5. Plaintiff has not filed this motion in bad faith or for a dilatory reason.

6. Counsel for Plaintiff conferred with counsel for Defendant via phone on July 23, 2018 regarding this Motion to Amend. There is no opposition to this Motion.

## MEMORANDUM OF LAW

Plaintiff moves to remand this case pursuant to 28 U.S.C. § 1367(c)(3) because the only claims over which this Court had original jurisdiction (the claims against the Defendants arising under the FLSA) have been dismissed via an Amended Complaint. The Eleventh Circuit has a stated policy in favor of dismissing state law claims under these circumstances. *See Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court. We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." (citations omitted)); *accord Cohill,* 484 U.S. at 351 ("When the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction."); *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). "Both comity

---

[1] This matter was originally filed in Circuit Court in and for Miami-Dade County, Florida.

and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale,* 279 F.3d 1271, 1288 (11th Cir. 2002). With the filing of the Amended Complaint, which resulted in the dismissal of only federal law claims, what remains here are only state law claims that are, respectfully, best addressed by the Circuit Court. *See Pinkert v. Schwade,* No. 11-23324, 2012 WL 3962386, at *2 (S.D. Fla. Sept. 10, 2012) (remanding a case to state court where the plaintiff's amended complaint "consist[ed] entirely of state statutory and common law causes of action that would be more appropriate for a Florida court to resolve").

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant this Unopposed Motion and remands this action back down to the Circuit Court in and for Miami-Dade County, Florida.

Dated: July 30, 2018.

                                      Respectfully submitted,

                                    */s/Nathaly Lewis*
                                    Peter M. Hoogerwoerd, Esq.
                                    Fla. Bar No.: 0188239
                                    pmh@rgpattorneys.com
                                    Nathaly Lewis, Esq.
                                    Fla. Bar No. 118315
                                    nl@rgpattorneys.com
                                    ***Remer & Georges-Pierre, PLLC***
                                    44 West Flagler Street, Suite 2200
                                    Miami, FL 33130
                                    (305) 416-5000- Telephone
                                    (305) 416-5005- Facsimile

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 30th day of July 2018 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Nathaly Lewis
NATHALY LEWIS

## SERVICE LIST

Peter Michael Hoogerwoerd, Esq.
Florida Bar No.: 188239
Email: pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No.:118315
Email: nl@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

*Attorneys for Plaintiff*


Joshua M. Entin, Esq.
 Fla. Bar No. 493724
josh@entinlaw.com
ENTIN LAW GROUP, P.A.
633 S. Andrews Avenue,
Suite 500
Ft. Lauderdale, Florida 33301
Tel: (954) 761-7201
Fax: (954) 764-2443

Attorney for Defendant, Porky's Cabaret Inc.


Service: CM/ECF Filing